Cite as 2014 Ark. App. 484

# ARKANSAS COURT OF APPEALS

EN BANC
**No.** CV-14-325

| | |
|---|---|
| TODD ROBINSON<br><br>APPELLANT<br><br>V.<br><br>WHITEY'S TRUCK CENTER, INC.<br><br>APPELLEE | **Opinion Delivered** SEPTEMBER 17, 2014<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION [NO. 60-CV-13-1342]<br><br>HONORABLE JAY MOODY, JUDGE<br><br>MOTION DENIED IN PART; GRANTED IN PART |

## PER CURIAM

Before us are appellee Whitey's Truck Center, Inc.'s alternative motions for remand to settle the record, to allow Whitey's to be deemed the appellant, or for rule on clerk, together with appellant Todd Robinson's response. For clarification, we identify the applicable dates cited to us by the parties:

- December 2, 2013   Jury Verdict returned in favor of Robinson.
- December 4, 2013   Motion for Judgment Notwithstanding the Verdict by Whitey's.
- January 6, 2014   Judgment entered on Jury Verdict by trial court.
- January 7, 2014   Effective date Motion for JNOV deemed filed under our rules and case law.
- January 16, 2014   Notice of Appeal filed by Whitey's.
- February 4, 2014   Notice of Appeal filed by Robinson.
- February 6, 2014   Motion for JNOV deemed denied.
- February 11, 2014   Order for New Trial entered by trial court.
- April 16, 2014   Record lodged by Robinson.

SLIP OPINION

With a reference to the National Weather Service, Whitey's states that beginning February 4, 2014, Little Rock "was struck by a series of severe ice and snow storms, rendering many roads impassable and closing, at times, public offices." Thereafter relying on both state and federal case authority, Whitey's asks for the record to be settled, corrected, or supplemented "to provide a record concerning the ability of [the trial judge] to reach his office despite the weather conditions, as it seems unlikely he would purposely have an order entered that he knew was untimely." Alternatively, Whitey's asks us to deem it the appellant based on "its timely notice of appeal" and the lodging of the record within ninety (90) days of the filing even though the later task was undertaken by Robinson. As a second alternative, Whitey's asks us to issue a rule on the clerk to allow it to lodge the record as its own.

In response, Robinson argues that Whitey's attaches no documentation with regard to the weather, that his case authorities do not deal with the issue of a judge's inability to reach the courthouse, that the "deemed denied" rule is strictly construed, and that it is premature to determine whether Whitey's should be the appellant.

The legal issues separating the parties are a separate matter for decision on appeal. Procedurally, however, the parties, and we, are bound by the appellate rules as they are written and construed. While both parties filed timely appeals, Whitey's filed the initial notice of appeal on January 16, 2014. Thereafter, the Order for New Trial was entered, but not until after the Motion for JNOV was deemed denied. We deny Whitey's request to remand to settle the record; we grant Whitey's alternative request that it be deemed the appellant; and we decline the request for rule on clerk.

The clerk will set the briefing schedule.